UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LYN LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:05CV00015 RWS |
| | ) |
| GLEN BABICH, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before me on Defendants' Motion for Summary Judgment Regarding Remaining Do Not Revive Issue [#85].

According to Local Rule 7 - 4.01(B), "A party opposing a motion for summary judgment under Fed. R. Civ. P. 56 shall file a memorandum and any appropriate documentary evidence twenty (20) days after being served with this motion." Plaintiff Lyn Lewis failed to respond by this deadline. On May 22, 2007, I ordered Lewis to show cause, in writing, no later than June 21, 2007, why he had not responded to Defendants' Motion for Summary Judgment [#85] and ordering him to respond to the Motion, as required by Federal Rule of Civil Procedure 56, by June 21, 2007. In my order, I noted that failure to comply with the order would result in summary judgment being granted in favor of Defendants. It is now July 2, 2007 and Lewis still has not responded to the Motion for Summary Judgment [#85]. Having considered the arguments put forth in Defendants' Motion, I will grant summary judgment in favor of Defendants.

**Lack of Causal Link**

Plaintiff Lewis' First Amended Complaint alleges that he:

> was released from the infirmary only after being given the ultimatum of signing the 'Do Not Revive Order.' Upon his release from the infirmary the Plaintiff immediately filed an emergency grievance in which Defendant Charles Ashfield was the first Respondent to Plaintiff's complaints. Defendant Ashfield acted with reckless disregard for and deliberate indifference to Plaintiff's suffering and medical requirements, by knowingly denying Plaintiff the relief sought as such reflects from his decision reviewing recommendations on I.R.R. #S.E.C.C. 03-1109.

On November 3, 2005, I dismissed Charles Ashfield because Plaintiff failed to obtain service on him. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also* Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985); Glick v. Sargent, 696 F.2d 413, 414-15 (8th Cir. 1983). Plaintiff cannot establish liability under §1983 because he has not alleged that these remaining Defendants participated in the deprivation of his rights. He has alleged that the actions of Charles Ashfield in denying his grievance which related in part to the "Do Not Revive" order violated his rights. Additionally, the "Do Not Resuscitate" order was discussed with Plaintiff by a non-party nurse.

**Respondeat Superior Not Applicable**

To the extent that Plaintiff seeks to recover from these Defendants under a theory of respondeat superior, that theory is inapplicable to this case. A plaintiff may not use respondeat superior in a suit brought pursuant to 42 U.S.C. §1983. Keeper v. King,130 F.3d 1309, 1314 (8th Cir. 1997); Kulow v. Nix, 28 F.3d 855, 858 (8th Cir. 1994); Smith v. Macantonio, 910 F.2d 500, 502 (8th Cir. 1990).

**Lack of Proper Mental State for Deliberate Indifference**

To establish his claim that the medical personnel were deliberately indifferent to his medical needs, plaintiff must show that: (1) there existed a substantial risk of serious harm to the inmate and (2) the prison official knew of and disregarded that need. Robinson v. Hager, 292 F.3d 560, 564 (8th Cir. 2002) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)). This test contains both an objective component, a serious medical condition, and a subjective component, that the defendant acted with a sufficiently culpable state of mind. Dulany v. Carnahan, 132 F.3d 1234 (8th Cir. 1997).

Even assuming that Plaintiff could establish that the signing of a "Do Not Resuscitate" order constituted a serious medical condition, he cannot establish that the Defendants acted with the appropriate mental state. Dr. Babich stated in his affidavit that it is his practice to discuss or have CMS medical staff discuss a "Do Not Resuscitate" order with patients whose medical conditions may include complications which cause the person to stop breathing and/or their heart to stop. Plaintiff failed to establish that Dr. Babich gave the instructions to discuss the "Do Not Resuscitate" order with Plaintiff for any other reason. As a practical matter, Plaintiff has the power to revoke the "Do Not Resuscitate" order at any time if he chooses to do so.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment [#85] is **GRANTED.**

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of July, 2007.